IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACOB WAYNE BRAUNING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV 23-224-RAW-GLJ |
| ) | |
| ANTHONY LOUIE, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Jacob Wayne Brauning filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. 1). At the time of filing, Petitioner was a pro se pretrial detainee who was incarcerated in the Seminole County Jail in Wewoka, Oklahoma. *Id*. at 1. He alleged in the petition that his Eighth Amendment rights were denied by his being imprisoned for more than a year on a "factless misdemeanor." *Id.* at 7. He also claimed he had been denied a speedy trial, and he had suffered "statutory rights violations" and "bias and conflict." *Id*. at 7-8.

Respondent Anthony Louie has filed a motion to dismiss, alleging that Petitioner failed to exhaust his state court remedies, as required by 28 U.S.C. § § 2254(b), and that the Court must abstain pursuant to *Younger v. Harris*, 401 U.S. 37, 54 (1971). (Dkt. 12). Petitioner has not filed a response to the motion.

Respondent alleges Petitioner's criminal proceedings began on February 27, 2019, when he was the subject of an arrest warrant for the misdemeanor offense of obtaining cash or merchandise by bogus check/false pretenses in Seminole County District Court Case No. CM-2019-74. (Dkt. 12-1, Information). A review of the case documents indicates Petitioner attempted to exhaust his state court remedies by filing three petitions for a writ of mandamus in the Oklahoma Court of Criminal

Appeals and in the Oklahoma Supreme Court. (Dkts. 12-10, 12-12, and 12-14). The two mandamus petitions filed in the Oklahoma Court of Criminal Appeals were denied before Respondent filed his motion to dismiss September 8, 2023. (Dkts. 12-11 at 3, 12-13 at 2).[1] In addition, at the time Respondent's motion to dismiss was filed, Petitioner's criminal case was set for jury trial on September 18, 2023. (Dkt. 12-15, Final Pre-Trial Order).

The records of Petitioner's criminal proceedings indicate that on September 15, 2023, the state district court entered a Court Minute dismissing Case No. CM-19-74 without prejudice. *See* Oklahoma State Court Network at https://oscn.net. On that same date, the state district court entered an Order of Release, dismissing the case and stating the case had been "dismissed/settled." *Id.* It, therefore, appears that while Petitioner failed to properly exhaust the state court remedies for his habeas claims, he no longer is in custody for Seminole County District Court Case No. CM-19-74.

> Habeas corpus review is available under § 2241 if an individual is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the "'traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

*Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). Because Petitioner no longer can satisfy the "in custody" requirement of 28 U.S.C. § 2241(c)(3), this Court lacks jurisdiction to consider his habeas corpus claims, and the petition must be dismissed.

---

[1] Petitioner's third mandamus petition in Oklahoma Supreme Court Case No. MA-121,500 was treated as an application to assume original jurisdiction and was denied on November 6, 2023, after the state district court case had been dismissed. *See* Oklahoma State Courts Network at https://www.oscn.net. The Court takes judicial notice of the public records of the Oklahoma State Courts Network. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

**ACCORDINGLY,** this action is DISMISSED for lack of jurisdiction, and Respondent's motion to dismiss the petition (Dkt. 12) is DENIED as moot.

**IT IS SO ORDERED** this 21st day of August 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE